IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EDWARD ROBINSON,

           Petitioner,    :    Case No. 3:16-cv-167

  - vs -                    District Judge Thomas M. Rose
                               Magistrate Judge Michael R. Merz

Warden, Federal Correctional Institution,
  Otisville, New York

                                  :

           Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Edward Robinson to challenge his conviction in the Montgomery County Common Pleas Court for kidnapping (sexual activity) in violation of Ohio Revised Code § 2905.01(A)(4). Petitioner's sentence on the kidnapping charge was ordered to be served consecutively to the federal sentence he is now serving in Respondent's custody; presumably Respondent is holding a detainer for Petitioner issued by Ohio authorities and is therefore the proper respondent in this case.

As with all post-judgment attacks on criminal convictions, the case has been referred to the undersigned United States Magistrate Judge, pursuant to the General Order of Assignment and Reference (General Order Day 13-01).

The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

1

dismiss the petition and direct the clerk to notify the petitioner."

Petitioner pleads one ground for relief:

> **Ground One:** The State of Ohio holding that the petitioner was without standing to challenge a residential search and seizure.
>
> **Supporting Facts:** As the established owner of the Sony Handycam containing sexual content in violation of Ohio State law, the petitioner had a legitimate expectation of privacy and sufficient standing to challenge the search and seizure, the District Court, the Court of Appeals for the Sixth Circuit, and the United States Supreme Court has determined (see enclosed Memorandum of Law).

(Petition, ECF No. 1-1, PageID 10.)

As is evident from the face of the Petition and the extensive memorandum of law filed by Mr. Robinson, he seeks to raise the same claim of violation of the Fourth Amendment that he raised in a motion to suppress in the Common Pleas Court and on appeal. \

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise

2

> Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

As the Petition shows, Mr. Robinson received an evidentiary hearing on his motion to suppress in the Montgomery County Court of Commons Pleas. After he pled not guilty, he appealed to the Ohio Second District Court of Appeals on the search and seizure question. That court affirmed the conviction, finding that Robinson did not have standing to challenge the seizure. *State v. Robinson,* Case No. CA 25977, 2014-Ohio-4709, 2014 Ohio App. LEXIS 4614 (Oct. 24, 2014). The authoring judge, The Honorable Mary Donovan, discussed the standing issue at significant length (seventeen pages). Under Ohio law, Robinson had the opportunity to seek further review by the Ohio Supreme Court. He did so, but that court declined to exercise jurisdiction over the appeal. *State v. Robinson*, 142 Ohio St. 3d 1450 (2015).

**Conclusion**

Because Mr. Robinson received a full and fair opportunity to litigate his Fourth Amendment claim before the Ohio courts, *Stone v. Powell, supra*, bars this Court from reviewing that claim on the merits. It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner

should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 3, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).