# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EDWARD ROBINSON,

        Petitioner,  :  Case No. 3:16-cv-167

- vs -      District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

Warden, Federal Correctional Institution,
  Otisville, New York

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Memorandum of Law in Support of Objection ("Objections," ECF No. 4) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 3). District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 5).

Robinson pleads one ground for relief:

> **Ground One**: The State of Ohio holding that the petitioner was without standing to challenge a residential search and seizure.
>
> **Supporting Facts:** As the established owner of the Sony Handycam containing sexual content in violation of Ohio State law, the petitioner had a legitimate expectation of privacy and sufficient standing to challenge the search and seizure, the District Court, the Court of Appeals for the Sixth Circuit, and the United States Supreme Court has determined (see enclosed Memorandum of Law).

(Petition, ECF No. 1-1, PageID 10.)

The Report concluded this claim was not cognizable in federal habeas corpus under the

doctrine of *Stone v. Powell,* 428 U.S. 465 (1976). In *Stone* the Supreme Court held Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. The Report also quoted *Riley v. Gray,* 674 F.3d 522 (6th Cir. 1982), which held the Ohio mechanism for deciding Fourth Amendment claims was "in the abstract, clearly adequate." (ECF No. 3, PageID 64, citing *Riley*, 674 F.3d at 526).

Robinson objects that "the state courts denied the petitioner a full and fair opportunity to litigate the petitioner's Fourth Amendment claim." (Objections, ECF No. 4, PageID 66). As proof he attaches the Memorandum in Support of Jurisdiction filed on his behalf on an attempted appeal from the Second District Court of Appeals. That court considered an appeal from Robinson's conviction on the offense involved in this case wherein the sole assignment of error was "that the trial court erred when it overruled his motion to suppress, finding that he did not have standing to challenge the search of the residence which yielded the evidence supporting his conviction for kidnapping." *State v. Robinson*, 2014-Ohio-4709, 2014 Ohio App. LEXIS 4614 (2nd Dist. Oct. 24, 2014), appellate jurisdiction declined, 142 Ohio St. 3d 1450 (2015). The Second District Court of Appeals fully considered and decided Robinson's assignment of error against him. Ohio law permitted Robinson to attempt to persuade the Ohio Supreme Court to take his case and nothing about its subject matter prevented its taking jurisdiction. That court has heard and decided many cases involving Fourth Amendment issues.

Robinson has failed to demonstrated that the Ohio mechanism for deciding Fourth Amendment issues was somehow inadequate in design or frustrated in its application to his case. His argument, incorporated from his Memorandum in Support of Jurisdiction, is that the Second District Court of Appeals, and the Common Pleas Court before it, was wrong in deciding he did

not have a Fourth Amendment protected privacy interest in the contents of the Sony Handycam which became the principal evidence against him.  But the import of *Stone v. Powell* is that federal habeas courts will not review a state court Fourth Amendment decision for error in applying the exclusionary rule.

The Magistrate Judge again respectfully recommends the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 26, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).